The Honorable Robert E. Dale State Representative
90 Claud Hottinger Road Dover, Arkansas 72836-8060
Dear Representative Dale:
I am writing in response to your request for an opinion regarding A.C.A. § 14-42-107(b) (Supp. 2009). I have paraphrased your question as follows:
 Assume a bank president simultaneously serves as a commissioner on the city's Advertising and Promotion Commission (A P Commission). The president owns less than 5% of the bank's stock. And the bank services the A P Commission's bank accounts. Does this situation violate the conflict of interest provisions contained in A.C.A. § 14-42-107 or any other constitutional, statutory, or common-law prohibition?
RESPONSE
In my opinion, this situation probably does violate the conflict of interest provisions contained in A.C.A. § 14-42-107, unless the city council has enacted an enabling ordinance.
Conflicts of interest that would preclude dual service can arise under the constitution, statutes, or the common-law doctrine of incompatibility. E.g., Op. Att'y Gen. 2008-143. I have not located any constitutional prohibitions on the situation you describe. The common-law doctrine of incompatibility only applies to preclude someone from serving in two incompatible public
positions. Given that the situation you posit is not about a single person serving in two public positions, the common-law doctrine of incompatibility does not apply. *Page 2 
In my opinion, however, section 14-42-107(b) probably precludes the factual situation you describe. The relevant portions of the statute state:
 (b)(1) No . . . official . . . shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, or council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority.
 (2) The prohibition prescribed in this subsection shall not apply to contracts for furnishing supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman, or council member, official, or municipal employee holds any executive or managerial office or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
This office has repeatedly opined that a commissioner on the city's A P Commission is an "official" of a municipal corporation.E.g., Op. Att'y Gen. Nos. 2007-055, 2003-278, 95-296, 91-283. This office has also opined that when someone is an "official" in a municipal corporation, it would violate subsection 14-42-107(b) for that official to serve in an executive or managerial capacity in a corporation that contracts with the same municipality to furnish supplies, equipment, or services. E.g., Op. Att'y Gen. Nos. 2007-318, 2006-097, 2005-076, 2005-037, 2004-230, 2002-273. The position of `bank president' certainly qualifies as an executive position. See Op. Att'y Gen. 2004-230. And the bank has contracted with the municipality in the form of the A P Commission to provide banking services. Therefore, in my opinion, the factual situation you posit likely violates subsection 14-42-107(b). Nevertheless, the city council may enact an ordinance pursuant to subsection 14-42-107(b)(1) that permits the bank president to also serve as a commissioner. E.g., Op. Att'y Gen. Nos. 2008-069, 2004-230. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General